UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC GIANNINI,<br><br>              Plaintiff,<br><br>       v.<br><br>ROB BONTA, et al.,<br><br>              Defendants. | No. 2:23-cv-0428 TLN DB PS<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff Eric Giannini is proceeding in this action pro se.  This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  Pending before the court are plaintiff's complaint, motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915, and motions to appoint counsel.  (ECF Nos. 1, 2, 4 & 6.)  The complaint's allegations concern state court proceedings.

The court is required to screen complaints brought by parties proceeding in forma pauperis.  See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc).  Here, plaintiff's complaint is deficient.  Accordingly, for the reasons stated below, the undersigned will recommend that plaintiff's complaint be dismissed without leave to amend.

////

////

**I.      Plaintiff's Application to Proceed In Forma Pauperis**

Plaintiff's in forma pauperis application makes the financial showing required by 28 U.S.C. § 1915(a)(1). However, a determination that a plaintiff qualifies financially for in forma pauperis status does not complete the inquiry required by the statute. "'A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.'" Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting Tripati v. First Nat. Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987)); see also McGee v. Department of Child Support Services, 584 Fed. Appx. 638 (9th Cir. 2014) ("the district court did not abuse its discretion by denying McGee's request to proceed IFP because it appears from the face of the amended complaint that McGee's action is frivolous or without merit"); Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to examine any application for leave to proceed in forma pauperis to determine whether the proposed proceeding has merit and if it appears that the proceeding is without merit, the court is bound to deny a motion seeking leave to proceed in forma pauperis.").

Moreover, the court must dismiss an in forma pauperis case at any time if the allegation of poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. See 28 U.S.C. § 1915(e)(2). A complaint is legally frivolous when it lacks an arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Under this standard, a court must dismiss a complaint as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

To state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In considering whether a complaint states a cognizable claim, the court accepts as true the material allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245

1  (9th Cir. 1989). Pro se pleadings are held to a less stringent standard than those drafted by

2  lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true

3  conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western

4  Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

5      The minimum requirements for a civil complaint in federal court, as explained by Rule 8

6  of the Federal Rules of Civil Procedure ("Rules"), are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

10  Fed. R. Civ. P. 8(a).

11  **II.     Plaintiff's Complaint**

12      The complaint alleges that on "September 8, 2022 Honorary Judge Benjamin Galloway

13  adopted a modified stipulation in the matter of Benis v. Giannini . . . in the Superior Court of

14  California, County of Sacramento." (Compl. (ECF No. 1) at 4.) The complaint alleges that Judge

15  Galloway "refused to enter a judgment of dissolution, bifurcating the marriage." (Id.) That Judge

16  Galloway "received instructions from [California Attorney General] Rob Bonta to subvert the

17  marriage of Benis v. Giannini to inflict severe emotional distress." (Id. at 7.) And that Judge

18  Galloway "received instructions from Rob Bonta, who communicates with Gavin Newsom's

19  wife, Siebel, to subvert the Employment Development Department[.]" (Id. at 10.)

20      "[T]he in forma pauperis statute . . . 'accords judges not only the authority to dismiss a

21  claim based on an indisputably meritless legal theory, but also the unusual power to pierce the

22  veil of the complaint's factual allegations and dismiss those claims whose factual contentions are

23  clearly baseless.'" Denton v. Hernandez, 504 U.S. 25, 32 (1992) (quoting Neitzke, 490 U.S. at

24  327). "Examples of the latter class are claims describing fantastic or delusional scenarios, claims

25  with which federal district judges are all too familiar." Neitzke, 490 U.S. at 328.

26      Here, the complaint's allegations are clearly baseless and delusional. Moreover, even

27  assuming *arguendo* that the complaint's allegations were not baseless, judges are generally

28  absolutely immune from civil liability for actions taken in their judicial capacity. Mireles v.

Waco, 502 U.S. 9, 11-12 (1991).  A judge is "subject to liability only when he has acted in the 'clear absence of all jurisdiction.'"  Stump v. Sparkman, 435 U.S. 349, 356-57 (1978) (quoting Bradley v. Fisher, 13 Wall. 335, 351 (1872)).  A judge will not be deprived of immunity because the action she took "was in error, was done maliciously, or was in excess of [her] authority."  Stump v. Sparkman, 435 U.S. at 356.  Moreover, a judge's jurisdiction is quite broad.  "[T]he factors determining whether an act by a judge is a 'judicial' one relates to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity."  Partington v. Gedan, 961 F.2d 852, 866 (9th Cir. 1992) (quoting Stump v. Sparkman, 435 U.S. at 362); see also Mireles v. Waco, 502 U.S. 9, 13 (1991) (in determining whether judicial immunity applies, court looks to the "particular act's relation to a general function normally performed by a judge"); Meek v. County of Riverside, 183 F.3d 962, 967 (9th Cir. 1999).

Here, the complaint is seeking civil liability against a judge for actions taken in their judicial capacity.  As such, the complaint should be dismissed.  See Patel v. DeCarolis, 701 Fed. Appx. 590, 591 (9th Cir. 2017) ("The district court properly dismissed Patel's damages claims against Judge Pacheco on the basis of judicial immunity because the claims arose out of Judge Pacheco's judicial acts.").

### III.   Leave to Amend

For the reasons stated above, plaintiff's complaint should be dismissed.  The undersigned has carefully considered whether plaintiff may further amend the complaint to state a claim upon which relief can be granted.  "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility."  California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

Here, given the defects noted above, the undersigned finds that granting plaintiff leave to amend would be futile.

////

**CONCLUSION**

Accordingly, for the reasons stated above, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's March 8, 2023 application to proceed in forma pauperis (ECF No. 2) be denied;

2. The complaint filed on March 8, 2023, be dismissed without leave to amend; and

3. This action be closed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 8, 2023

/s/ DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.pro se\giannini0428dism.f&rs